Tomas AYALA–PONCE; Angelica
Ayala Montesino; Amador Ayala
Montesino, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Tomas Ayala–Ponce, Petitioner,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 08–71330, 09–72132.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2010.*

Filed Aug. 25, 2010.

Tomas Ayala Ponce, Santa Ana, CA, pro
se.

Angelica Ayala Montesino, Santa Ana,
CA, pro se.

Amador Ayala Montesino, Santa Ana,
CA, pro se.

Juan Antonio Laguna, Law Offices of
Juan A. Laguna, Santa Ana, CA, for Peti-
tioners.

Oil, U.S. Department of Justice, Wash-
ington, DC, Ronald E. Lefevre, Office of
the District Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: LEAVY, HAWKINS, and
IKUTA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for re-
view, Tomas Ayala–Ponce, Angelica Ayala
Montesino, and Amador Ayala Montesino,
natives and citizens of Mexico, petition for
review of the Board of Immigration Ap-
peals' ("BIA") orders denying their mo-
tions to reopen removal proceedings. We
have jurisdiction under 8 U.S.C. § 1252.
We review for abuse of discretion the deni-
al of a motion to reopen and de novo
questions of law. *Mohammed v. Gonzales*,
400 F.3d 785, 791–92 (9th Cir.2005). We
deny both petitions for review.

In the opening brief, petitioners fail to
address, and thereby waive any challenge
to, the BIA's order denying their second
motion to reopen. *See Martinez–Serrano
v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.
1996) (issues not specifically raised and
argued in a party's opening brief are
waived).

The BIA did not abuse its discretion by
denying Ayala–Ponce's third motion to re-
open. Ayala–Ponce failed to establish that
his former counsel did not perform with
sufficient competence during proceedings
because Ayala–Ponce did not become eligi-
ble to adjust his status until after the
deadline for filing a motion to reopen had
expired. *See Mohammed*, 400 F.3d at 793
(petitioner must demonstrate first that
counsel failed to perform with sufficient
competence, and, second, that he was prej-
udiced by counsel's performance). It fol-
lows that Ayala–Ponce's due process claim
fails. *See Lata v. INS*, 204 F.3d 1241,

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

1246 (9th Cir.2000) (requiring error to establish due process claim).

PETITIONS FOR REVIEW DENIED.